## Case No. 591.

### In re ASPINWALL.

[7 Ben. 433;[1] 10 N. B. R. 448; 31 Leg. Int. 365; 22 Pittsb. Leg. J. 75.]

District Court, S. D. New York. Sept., 1874.

#### WITNESS—PRIVILEGE OF COUNSEL.

Counsel for a bankrupt is not required, when examined as a witness in the bankruptcy proceedings, to disclose any information as to the affairs of the bankrupt, which he received as such counsel, from the bankrupt, or from persons to whom he was referred by the bankrupt for the purpose of obtaining such information as such counsel. But he may be required to answer questions not coming within this principle.

[See In re Adams, Case No. 42.]

In bankruptcy.

T. Saunders, for the assignee in bankruptcy.
G. H. Forster, for the witness.

BLATCHFORD, District Judge. In the course of his examination as a witness in this matter, before the register, under the 26th section of the act, Mr. Weeks, an attorney and counselor at law, was asked (question 5) what affairs of the bankrupt were the subject of a conversation which he had testified he had with two persons named, other than the bankrupt, at a time named, in which some of the affairs of the bankrupt were the subject of conversation between the witness and those persons. The witness objected to answering the question, on the ground stated by him, that he was acting as counsel for the bankrupt at the time, and that his remarks were made in that capacity. Subsequently, in the course of the same examination, the same witness objected to answering eight other questions, on the same ground. At the close of the examination the witness said: "I wish to state, that all my interviews with Mr. Aspinwall were strictly of a professional character, and all the information in relation to his affairs, imparted to me, was so imparted in the capacity of counsel, and was of a confidential character, and, under the privilege of counsel, I decline to disclose those matters." The point as to whether the nine questions shall be answered, or whether the privilege claimed is a sufficient reason for not answering them, is certified by the register for decision by the court.

Undoubtedly, the witness is entitled to claim that he is not required to disclose any information he received from the bankrupt, in regard to the affairs of the bankrupt, which was imparted to the witness by the bankrupt, if the witness received such information from the bankrupt, as counsel for the bankrupt. And this privilege extends to information received on behalf of the bankrupt, in regard to the affairs of the bankrupt, from persons to whom the wit-

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

ness was referred by the bankrupt, for the purpose of his obtaining such information, as counsel for the bankrupt. But the privilege does not have the wide scope which seems to be claimed by the witness. Thus, when the witness is asked, in question 5, what affairs of Aspinwall were the subject of his conversation, his objection, that he was acting as counsel for the bankrupt at the time, and that his remarks were made in that capacity, is too broad. He may have been acting as counsel for the bankrupt at the time, and his remarks may have been made in that capacity, but a designation, in some form, of what affairs of the bankrupt were the subject of the conversation, does not necessarily require the witness to disclose information about such affairs, which was imparted to him by the bankrupt, and thus involve his privilege. I do not see, therefore, that the objection taken is, in view of the question (5), tenable.

So, too, the remark of the witness that all his interviews with the bankrupt were strictly of a professional character, may apply very well when he is asked to disclose the information received by him from the bankrupt at such interviews. And his remark, that all the information in relation to the affairs of the bankrupt, imparted to him, was so imparted in the capacity of counsel, and was of a confidential character, will justify him in withholding the disclosure only of such information in relation to the affairs of the bankrupt as was imparted to him by the bankrupt, in the capacity of counsel for the bankrupt, and of such information in relation to the affairs of the bankrupt as was imparted to him by persons to whom he was, as counsel for the bankrupt, referred by the bankrupt, with a view to his obtaining such information, as such counsel. Guided by these tests, it is difficult to see how the privilege of the witness can cover question 10, as to whether the indebtedness of the bankrupt to a certain named creditor was spoken of at either of the interviews between the witness and the two persons before referred to. The same remark is true of question 11, as to whether anything was said at either of such interviews, by either of the parties present, relating to the bankrupt's inability to meet his obligations to such creditor. The witness had previously stated that he did not think he had any interview with the bankrupt at which either of the two persons referred to was present. Nor does it seem that the witness can be privileged from answering question 12, as to who it was with whom, if with anyone, he had the first conversation concerning the claim of such creditor against the bankrupt; or question 13, as to whether a certain paper shown is one that has ever passed under the witness' observation; or question 14, as to whether the witness drew or directed the drawing of a certain

2FED.CAS.—5

deed from the bankrupt; or question 15, as to whether the witness drew or directed the drawing of a certain declaration of trust between the bankrupt and certain persons named; or question 17, as to whether, at a certain date, the witness received any checks drawn to the order of the bankrupt by a certain named firm; or question 18, as to what disposition was made of any such checks so received.